THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL H., <br><br> **Plaintiff,** <br><br> v. <br><br> FRANK BISIGNANO, <br> Commissioner of Social Security,[1] <br><br> **Defendant.** | MEMORANDUM DECISION <br> AND ORDER <br><br><br> Case No. 2:25-cv-00356-JCB <br><br><br> Magistrate Judge Jared C. Bennett |

PROCEDURAL BACKGROUND[2]

Plaintiff Michael H. ("Plaintiff") alleges disability due to various physical and mental

impairments. Plaintiff applied for Disability Insurance Benefits under Title II of the Social

Security Act[3] and Supplemental Security Income under Title XVI of the Social Security Act[4] in

2022.[5] Plaintiff's claims were denied initially[6] and upon reconsideration.[7] On August 15, 2023,

---

[1] Frank Bisignano is now the Commissioner of Social Security. Under Fed. R. Civ. P. 25(d), he has been substituted as the Defendant in this case. ECF No. 12.

[2] Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment. ECF No. 8.

[3] 42 U.S.C. §§ 401-434.

[4] 42 U.S.C. §§ 1381-1383f.

[5] ECF No. 14, Administrative Record ("AR ___") 240-50.

[6] AR 112-123, 155-164.

[7] AR 124-148, 166-183.

Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ").[8] The ALJ issued a written decision on March 20, 2024, denying Plaintiff's claims.[9] Plaintiff appealed the adverse ruling, and, on March 6, 2025, the Appeals Council denied his appeal,[10] making the ALJ's decision final for purposes of judicial review.[11] Plaintiff then filed suit seeking review of Commissioner of Social Security Frank Bisignano's ("Commissioner") final decision.[12]

### STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[13] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[14] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[15] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[16] "The failure to apply the correct

---

[8] AR 43-91.

[9] AR 7-35.

[10] AR 1-6.

[11] 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

[12] ECF No. 2.

[13] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation modified).

[14] 42 U.S.C. § 405(g).

[15] *Lax*, 489 F.3d at 1084 (citation modified).

[16] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (citation modified).

legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[17]

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[18] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[19]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[20]

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[21] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[22] Before considering step four,

---

[17] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (citation modified).

[18] 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[19] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Williams*, 844 F.2d at 750.

[20] *Williams*, 844 F.2d at 750-51 (citation modified); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

[21] 20 C.F.R. §§ 404.1525(a), 416.925(a); *see also id*. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

[22] *Williams*, 844 F.2d at 751.

however, the ALJ must determine the claimant's residual functional capacity ("RFC").[23] An individual's RFC is his greatest ability to do physical and mental work activities on a regular and continuing basis despite limitations from his impairments.[24] In making this determination, the ALJ must consider all the claimant's impairments, including impairments that are not severe.[25]

For the fourth step, the claimant must show, given his RFC, that his impairments prevent performance of his "past relevant work."[26] "If the claimant is able to perform his previous work, he is not disabled."[27] If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."[28]

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[29] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and work experience."[30] If it is determined that the claimant "can make an adjustment to other work," he is not disabled.[31] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits.[32]

---

[23] 20 C.F.R. §§ 404.1520(a)(4), (e), 416.920(a)(4), (e).

[24] *Id.* §§ 404.1545(a)(1), (b)-(c), 416.945(a)(1), (b)-(c).

[25] *Id.* §§ 404.1545(a)(2), (e), 416.945(a)(2), (e).

[26] *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

[27] *Williams*, 844 F.2d at 751.

[28] *Id.*

[29] *Id.*

[30] *Id.* (citation modified); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[31] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[32] *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ANALYSIS**

Plaintiff presents two main arguments on appeal. First, Plaintiff contends that the ALJ erred by posing an inadequate hypothetical to the vocational expert ("VE"). Second, Plaintiff asserts that the ALJ erred when determining that Plaintiff can perform other work. As shown below, both arguments fail. Therefore, the court affirms the Commissioner's decision.

**I.    The ALJ Did Not Pose an Inadequate Hypothetical to the VE.**

The hypothetical the ALJ posed to the VE was free from error. When questioning the VE, the ALJ posed a hypothetical that included all the limitations the ALJ included in Plaintiff's RFC.[33] The VE testified that an individual with those limitations could perform the jobs of laundry worker, housekeeping cleaner, and cafeteria attendant.[34] Later, the ALJ asked the VE if an individual with the same limitations could still perform those three jobs if he or she were to be absent from work at least two days per month.[35] The VE testified that the additional limitation of work absences two days per month was "generally inconsistent with competitive employment in the unskilled and the semiskilled arena."[36] Relying on the VE's testimony in response to the hypothetical without that additional limitation, the ALJ ultimately concluded that Plaintiff could perform the three jobs identified by the VE.[37]

Plaintiff contends that the ALJ somehow erred in that exchange with the VE. Although not entirely clear, it appears that Plaintiff claims the ALJ should have included the additional

---

[33] *Compare* AR 17, *with* AR 83-85.

[34] AR 85.

[35] AR 86.

[36] *Id.*

[37] AR 26-27.

limitation of work absences two days per month in Plaintiff's RFC, relied on the VE's testimony

concerning that additional limitation, and concluded that Plaintiff could not perform other work.

To support that argument, Plaintiff points to select portions of the medical record, which,

according to Plaintiff, demonstrate that he would need to miss more than 2 days of work per

month for certain medical treatment. Plaintiffs' argument fails for two reasons.

First, to the extent that Plaintiff argues that the ALJ erred by failing to include in

Plaintiff's RFC the limitation of work absences two days per month, Plaintiff reargues the weight

of the evidence before the ALJ, which is a futile tactic on appeal.[38] Second, because Plaintiff has

not shown that the ALJ's RFC assessment was flawed, Plaintiff cannot show that the

hypothetical the ALJ posed to the VE was inadequate. The ALJ relied upon the VE's answer to

the hypothetical that contained all the limitations the ALJ ultimately included in Plaintiff's RFC,

which is precisely what the ALJ was permitted to do.[39] Therefore, Plaintiff's argument fails.

---

[38] *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) ("In reviewing the record to make the substantial evidence determination, [the court] may [neither] reweigh the evidence nor substitute [its] judgment for the Commissioner's." (citation modified)); *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (citation modified)); *Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (citation modified)).

[39] *Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) ("We have already rejected plaintiff's challenges to the ALJ's RFC assessment. The ALJ propounded a hypothetical question to the VE that included all the limitations the ALJ ultimately included in his RFC assessment. Therefore, the VE's answer to that question provided a proper basis for the ALJ's disability decision."); *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995) ("The hypothetical question [posed to the VE] should include all—and only—those impairments borne out by the evidentiary record. The VE relied on the limitations found by the ALJ, which are reflected in the RFC assessment form.

## II.     The ALJ Did Not Err When Determining That Plaintiff Can Perform Other Work.

Plaintiff argues that the ALJ committed two errors when determining that Plaintiff can perform other work. As shown below, both of Plaintiff's arguments fail.

First, Plaintiff asserts that the ALJ erred by concluding that Plaintiff can perform the jobs of laundry worker and housekeeping cleaner because the ALJ failed to include limitations related to Plaintiff's sinusitis in the RFC. Specifically, Plaintiff contends that the job of laundry worker would expose him to humid conditions, which "is not ideal" for his sinusitis,[40] and the job of housekeeping cleaner would expose him to "dust or cleaning solvents that trigger sinusitis."[41] Plaintiff appears to claim that if the ALJ had included limitations for Plaintiff's sinusitis in the RFC, Plaintiff would have been precluded from performing either of those jobs. Importantly, however, Plaintiff fails to reference any record evidence showing his inability to deal with humid conditions, dust, or cleaning solvents. That failure is fatal to Plaintiff's argument because it was his burden to provide evidence for the record showing the limitations for the RFC.[42]

---

The ALJ was not required to accept the answer to a hypothetical question that included limitations claimed by plaintiff but not accepted by the ALJ as supported by the record." (citation modified)).

[40] ECF No. 21 at 18 of 29.

[41] *Id*. at 20 of 29.

[42] *Howard v. Barnhart*, 379 F.3d 945, 948 (10th Cir. 2004) ("We disagree with claimant's implicit argument that the agency, not the claimant, has the burden to provide evidence of claimant's functional limitations. As a recent Social Security final rule makes clear, the agency's burden at step five does not include the burden to provide medical evidence in support of an RFC assessment, unless the ALJ's duty to further develop the record is triggered."); *see also* Clarification of Rules Involving Residual Functional Capacity Assessments; Clarification of Use of Vocational Experts and Other Sources at Step 4 of the Sequential Evaluation Process; Incorporation of "Special Profile" Into Regulations, 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003) ("[T]he only burden shift that occurs at step 5 is that [the Commissioner is] required to prove that

Second, Plaintiff maintains that the ALJ erred by including a limitation in Plaintiff's RFC for "no fast-paced work activities"[43] while at the same time determining that Plaintiff can perform the job of cafeteria attendant. That argument fails because the ALJ was entitled to rely on the VE's testimony that the job of cafeteria attendant could be performed by an individual limited to "no fast[-]paced work activities."[44] Before an ALJ relies upon a VE's testimony as substantial evidence to support a disability determination, the VE's testimony must be based on the VE's professional experience,[45] and the ALJ must: (1) fulfill the "affirmative responsibility" to ask the VE about any possible conflicts between the VE's testimony and the Dictionary of Occupational Titles; (2) identify and obtain a reasonable explanation for any such conflicts; and (3) explain in the decision how any such conflicts were resolved.[46] Here, the ALJ asked the VE

---

there is other work that [the claimant] can do, given [the claimant's] RFC, age, education, and work experience. That shift does not place on [the Commissioner] the burden of proving RFC.").

[43] AR 17.

[44] AR 85.

[45] *Rogers v. Astrue*, 312 F. App'x 138, 142 (10th Cir. 2009) ("Providing . . . professional, experience-based evidence is precisely what reliance on evidence from a VE is meant to accomplish. The whole point of vocational testimony is to go beyond facts already established through publications eligible for judicial or administrative notice and provide an alternative avenue of proof. Because the VE testified that, on the basis of his professional experience, 11,000 sedentary hand packager jobs existed in the national economy, the apparent conflict between the [Dictionary of Occupational Titles] and the VE's testimony regarding the job's exertional requirement was reasonably explained, and the ALJ could rely on that testimony as substantial evidence to support her determination of nondisability." (citation modified)).

[46] SSR 00-4p, 2000 WL 1898704, at *2-4 (Dec. 4, 2000); *see also see also Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) ("We do not mean by our holding that the Dictionary of Occupational Titles trumps a VE's testimony when there is a conflict about the nature of a job. We hold merely that the ALJ must investigate and elicit a reasonable explanation for any conflict between the [Dictionary of Occupational Titles] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." (citation modified)).

about any conflicts between the VE's testimony and Dictionary of Occupational Titles,[47] and the

ALJ determined that there were none and that the VE's testimony was based on professional

experience.[48] Thus, the ALJ was entitled to rely on the VE's testimony as substantial evidence to

support the determination that Plaintiff can perform the job of cafeteria attendant. Accordingly,

Plaintiff's argument fails.

### ORDER

For the reasons stated above, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 21st day of July 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[47] AR 89-90.

[48] AR 26-27.